D. Neal Tomlinson, Esq.
Nevada Bar No. 6851
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: ntomlinson@swlaw.com

*Attorneys for Plaintiffs and Counterdefendants*

Ryan Gile, Esq.
Nevada Bar No. 8807
WEIDE & MILLER, LTD.
7251 W. Lake Mead Blvd.
Suite 530
Las Vegas, NV 89128
Telephone: (702) 382-4804
Facsimile: (702) 382-4805
Email: rgile@weidemiller.com

*Attorneys for Defendants and Counterclaimants*

[*Additional Counsel Listed on the Next Page*]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FRIAS HOLDING COMPANY, a Nevada corporation; and LAS VEGAS LIMOUSINES, a Nevada corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> LIMOUSINE INTERNATIONAL.COM, INC., a Washington corporation; DANIEL BAGDASAROV, an individual; and GARRI BAGDASAROV, an individual, <br><br> Defendants. | Case No. 2:12-cv-00841-GMN-CWH <br><br> **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION** <br><br> Hon. Gloria M. Navarro <br> Hon. Carl W. Hoffman |
| AND RELATED COUNTERCLAIMS | |

1  Arthur S. Rose, Esq.
   Michael K. Friedland, Esq.
2  Nicholas M. Zovko, Esq.
   (admitted *pro hac vice*)
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, 14th Floor
4  Irvine, CA  92614
   Telephone:  (949) 760-0404
5  Facsimile:  (949) 760-9502
   Email: art.rose@knobbe.com
6  michael.friedland@knobbe.com
7  nicholas.zovko@knobbe.com

8  *Attorneys for Plaintiffs and Counterdefendants*

9

10 Heather M. Morado, Esq.
   (*admitted pro hac vice*)
11 MORADO LAW, PLLC
   220 2nd Avenue south
12 Seattle, WA 98104
   Telephone:  (206) 579-9032
13 Email: hmorado@moradolaw.com

14 *Attorneys for Defendants and Counterclaimants*

15 / / /

16 / / /

17 / / /

18 / / /

19

20 / / /

21 / / /

22 / / /

23 / / /

24

25 / / /

26 / / /

27 / / /

28 / / /

Plaintiffs FRIAS HOLDING COMPANY ("Frias Holding Company") and LAS VEGAS LIMOUSINES ("Las Vegas Limousines") (collectively, "Plaintiffs") filed a Complaint in this action against Defendants LIMOUSINE INTERNATIONAL.COM, INC. ("Limousine International"), DANIEL BAGDASAROV, and GARRI BAGDASAROV (collectively, "Defendants") for trademark infringement, false designation of origin, false advertising, cyberpiracy, deceptive trade practices, common law unfair competition, and trademark dilution. The parties have agreed to a settlement to resolve the disputes that form the basis of this action. The parties have also agreed, as part of the settlement, to request that the Court enter the following Final Consent Judgment and Permanent Injunction. Accordingly, it is hereby STIPULATED, ADJUDGED, and DECREED as follows:

1. This Court has subject matter jurisdiction over this action as well as personal jurisdiction over each of the parties to this action. Venue is proper in this Judicial District.

2. Frias Holding Company is the owner of the mark LAS VEGAS LIMOUSINES®, which is registered with the United States Patent and Trademark Office (the "USPTO") as U.S. Registration No. 3,187,181 for "limousine services". Defendants' use of LAS VEGAS LIMOUSINE, LAS VEGAS LIMOUSINE SERVICE, LAS VEGAS BEST LIMOUSINE, LAS VEGAS BEST LIMO, and LAS VEGAS BEST LIMOUSINE SERVICE in connection with the advertising, offering, and/or rendering of limousine referral services is likely to cause confusion with the mark LAS VEGAS LIMOUSINES® in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and common law unfair competition. Accordingly, such use infringes Frias Holding Company's registered trademark LAS VEGAS LIMOUSINES®.

3. Defendants have unintentionally made misleading statements regarding their limousine referral services, including, for example, that Limousine International is "providing ... limo airport transportation ... in Las Vegas" when in fact Limousine International does not have the required CPCN (Certificate of Public Convenience and Necessity) from the Nevada Transportation Authority to operate limousines in Las Vegas and does not operate any limousines in Las Vegas, because Limousine International refers its customers to licensed limousine drivers in Las Vegas. Defendants caused their statements to enter interstate commerce. Defendants'

statements are likely to influence consumer's purchasing decisions and are likely to deceive a substantial segment of consumers, potential consumers, and others to incorrectly believe that Defendants are authorized to conduct business in Nevada and operate limousines in Las Vegas, Nevada when in fact Defendants are not so authorized. Defendants' statements are material as they are likely to influence the consumer's purchasing decision relating to limousine services in the Las Vegas, Nevada area and by the exercise of reasonable care Defendants' should have known that these statements would have this effect. As an authorized provider of charter limousine and airport transfer service in Las Vegas, Plaintiffs have been damaged by Defendants' statements. Accordingly, Defendants' statements constitute false advertising in violation of 15 U.S.C. § 1125(a), N.R.S. § 598.0915, and common law false advertising.

4. It is unnecessary to further address any remaining claims set forth in Plaintiffs' First Amended Complaint in view of the scope of the permanent injunction set forth herein.

5. For as long as the LAS VEGAS LIMOUSINES® mark is not abandoned or cancelled by Frias Holding Company or the USPTO, Defendants, and any agents, servants, owners, executives, directors, employees, attorneys, successors, assigns, and officers and all those persons in active concert or participation with any of them who receive actual notice of this Final Consent Judgment and Permanent Injunction, by personal service or otherwise, are hereby immediately enjoined and permanently restrained from each of the following:

    a. using Plaintiffs' LAS VEGAS LIMOUSINES® mark or any mark, heading, phrase, words, or text confusingly similar thereto (including, but not limited to, LAS VEGAS LIMOUSINE, LAS VEGAS LIMOUSINE SERVICE, LAS VEGAS BEST LIMOUSINE, LAS VEGAS BEST LIMO, and LAS VEGAS BEST LIMOUSINE SERVICE ) as or in a trade name, corporate name, trademark, domain name, service mark, metadata, Internet advertising, Internet search results, webpage headings, webpage text, or otherwise to promote, offer, render, advertise, or identify any limousine services, limousine referral services, or related goods or services in such a way that would be likely to cause confusion, to cause mistake, or to deceive, or otherwise to create the impression that Defendants' goods or

        services originate from Plaintiffs, are endorsed by Plaintiffs, or are connected in any way with Plaintiffs;

    b.  registering or using any domain name or names identical or confusingly similar to Plaintiffs' LAS VEGAS LIMOUSINES® mark (including, but not limited to, www.lasvegasbestlimo.com and www.lasvegasbestlimousine.com);

    c.  otherwise infringing Plaintiffs' LAS VEGAS LIMOUSINES® mark; and

    d.  advertising in a false or misleading manner any limousine services, limousine referral services, or related goods or services.

6. This Court shall retain jurisdiction of this action to the extent necessary to ensure full compliance with all obligations imposed by this Final Consent Judgment and Permanent Injunction, including the enforcement of this Final Consent Judgment and Permanent Injunction by way of contempt or otherwise. The obligations of the parties, as set forth in this Final Consent Judgment and Permanent Injunction shall be enforced, if necessary, by this Court.

7. The failure of any party to seek to have the Court enforce a clause of this Final Consent Judgment and Permanent Injunction from time to time shall not constitute a waiver of any provision of this Final Consent Judgment and Permanent Injunction or any subsequent violation of the same provision of this Final Consent Judgment and Permanent Injunction, unless such waiver is in writing and signed by the other party. Any such written waiver relating to one provision of this Final Consent Judgment and Permanent Injunction shall not constitute a waiver of any other provision.

8. This is a final judgment. Having addressed each of the claims in this action, this case shall be closed.

///
///
///
///
///
///

After this Final Consent Judgment and Permanent Injunction has been entered by the Court, Plaintiffs shall file with the Court a proof of service of this Final Consent Judgment and Permanent Injunction on Defendants within fourteen (14) calendar days thereafter.

**STIPULATED AND CONSENTED TO BY:**

DATED: July 20, 2013     FRIAS HOLDING COMPANY
                         LAS VEGAS LIMOUSINES

                         By: _____
                         Mark James
                         President

DATED: July 19, 2013     LIMOUSINE INTERNATIONAL.COM, INC.

                         By: _____
                         Daniel Bagdasarov
                         President

DATED: July 19, 2013     DANIEL BAGDASAROV, an individual

                         By: _____
                         Daniel Bagdasarov

DATED: July 19, 2013     GARRI BAGDASAROV, an individual

                         By: _____
                         Garri Bagdasarov

# ORDER

**IT IS SO ORDERED** this 4th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge

- 4 -